**STATE of Utah, Plaintiff and Appellee,**

v.

**Lincoln Franklin MURPHY, Defendant and Appellant.**

No. 930341–CA.

Court of Appeals of Utah.

March 31, 1994.

---

Robert Heineman (argued), James A. Valdez, David P.S. Mack, Salt Lake Legal Defender Ass., Salt Lake City, for defendant and appellant.

Jan Graham, State Atty. Gen., Christine F. Soltis (argued), Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before BILLINGS, DAVIS and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Lincoln Franklin Murphy, appeals from his conviction of aggravated sexual abuse of a child, a first degree felony, in violation of Utah Code Ann. § 76-5-404.1(3) (1990). Defendant contends that the trial court's refusal to find him mentally ill and to sentence him as guilty and mentally ill goes against the weight of evidence. We affirm.

## BACKGROUND

In 1992, defendant was charged with various counts of child sexual abuse. These counts included: (1) the 1989 sodomy, object rape or aggravated sexual abuse of his infant son; (2) the 1990 sexual abuse of his second infant son; and (3) the sodomy, object rape or aggravated sexual abuse of his infant daughter. Defendant was also charged with tampering with a witness. Defendant initially pled not guilty to each of these charges. Pursuant to Utah Code Ann. § 77-14-4 (Supp.1993), defendant filed a Notice of Intent to Rely on a Defense of Diminished Capacity. Thereafter, the court appointed Drs. Mark Rindflesh and Linda Gummow to examine defendant.

In his psychological report on defendant, Dr. Rindflesh stated that defendant presented a clear mental status. As a result, Dr. Rindflesh's opinion was that defendant did not suffer from a mental illness that would preclude him from forming the intent for the crimes for which he was charged. In contrast, Dr. Gummow found defendant suffered from a paranoid personality and diagnosed him as being mentally ill.

Approximately ten days before trial, defendant entered a guilty plea to aggravated sexual abuse of a child, a first degree felony. During the sentencing hearing on January 15, 1992, defendant moved the court to find him mentally ill as defined in Utah Code Ann. § 76-2-305 (Supp.1993).

The trial court reviewed the reports of Drs. Rindflesh and Gummow, as well as reports prepared by Drs. Carlos Roby and Vickie R. Gregory. Dr. Roby examined defendant during the initial police investigation and defendant retained Dr. Gregory to conduct an independent examination for purposes of sentencing.

Dr. Roby described defendant's personality profile as suggesting that defendant suffered from severe psychopathology.[1] In her report on defendant, Dr. Gregory focused on the inconsistencies in the psychological assessments by the other three mental health experts and the tests each administered to defendant. Dr. Gregory attributed these diversities of opinion to defendant's untruthfulness in answering the test questions. Notwithstanding her concerns about the accuracy of the various reports and defendant's untruthfulness, Dr. Gregory concluded that defendant suffered from a mental illness.

The trial court denied defendant's motion to find him guilty and mentally ill, but considered the information in the reports, particularly that relating to defendant's troubled childhood, as mitigating circumstances. After describing and balancing the various aggravating and mitigating circumstances, the trial court sentenced defendant to prison for the maximum mandatory term of nine years to life. Defendant subsequently appealed, asserting that the trial court erred in failing to both find him mentally ill and to sentence him as a guilty and mentally ill offender.

## STANDARD OF REVIEW

■ The trial court's finding that defendant was not mentally ill is a factual determi-

---

1. Psychopathology is defined as "disordered psychologic and behavioral functioning (as in a mental disease)." *Webster's Third New International Dictionary* 1833 (1986).

nation reviewed on appeal for clear error. *State v. DePlonty,* 749 P.2d 621, 627 (Utah 1987). As stated in *State v. Chavez,* 840 P.2d 846 (Utah App.1992), *cert. denied,* 857 P.2d 948 (Utah 1993), "We review a trial court's findings of fact under a clearly erroneous standard and will not upset them unless they are 'against the clear weight of the evidence, or if the appellate court otherwise reaches a definite and firm conviction that a mistake has been made.' " *Id.* at 848 (quoting *State v. Walker,* 743 P.2d 191, 193 (Utah 1987)).

## ANALYSIS

### Timeliness of Motion

■ We address preliminarily whether defendant's motion at the sentencing hearing that the trial court find him mentally ill was timely. Utah Code Ann. § 77–16a–103 (Supp.1993) allows a defendant to enter a plea of guilty and mentally ill. Section 77–16a–103, however, is silent as to whether a defendant may bifurcate this plea by pleading guilty and then asserting mental illness at the sentencing hearing. The statute provides:

(1) Upon a plea of guilty and mentally ill being tendered by a defendant to any charge, the court shall hold a hearing within a reasonable time to determine whether the defendant is mentally ill.

(2) The court may order the department to examine the defendant, and may receive the testimony of any public or private expert witness offered by the defendant or the prosecutor. The defendant may be placed in the Utah State Hospital for that examination only upon approval by the executive director.

(3)(a) A defendant who tenders a plea of guilty and mentally ill shall be examined first by the trial judge, in compliance with the standards for taking pleas of guilty. The defendant shall be advised that a plea of guilty and mentally ill is a plea of guilty and not a contingent plea.

(b) If a defendant is later found not to be mentally ill, that plea remains a valid

plea of guilty, and the defendant shall be sentenced as any other offender.

(4) If the court concludes that the defendant is *currently mentally ill* his plea shall be accepted and he shall be sentenced in accordance with Section 77–16a–104.[2]

*Id.* (emphasis added); *see also* Utah Code Ann. § 77–16a–201 to –205 (Supp.1993) (disposition of defendants found guilty and mentally ill).

The case of *State v. Young,* 853 P.2d 327 (Utah 1993) (plurality opinion), provides guidance in analyzing this procedural question. In *Young,* the jury convicted the defendant of first degree murder and theft and sentenced him to death. Young appealed his conviction on numerous bases, one being the trial court's refusal to allow the jury to consider a possible verdict of guilty and mentally ill. The trial court premised its refusal on Young's failure to provide notice of his intended request for such a verdict as required by Utah Rule of Criminal Procedure 21.5. In reversing the trial court, a plurality of the supreme court indicated that under Utah's legislative scheme, a guilty and mentally ill verdict or plea is relevant to sentencing, not the mens rea for the charged offense. *Id.* at 384 (Durham, J., dissenting). As for the issue of a guilty and mentally ill instruction and verdict, a plurality of the court delineated two groups of criminal defendants: (1) those found guilty and mentally ill (GAMI) and (2) those found guilty who subsequently assert mental illness as an issue at sentencing. *Id.* at 385. The court observed,

Because in Utah the GAMI [guilty and mentally ill] verdict is relevant solely for sentencing, neither logic nor the statute or rules dictate that the defendant assert a mental illness defense to the crime in order to receive whatever benefit the GAMI verdict may afford.... There is no more real guarantee of mental health assessment and treatment for a defendant found GAMI than for one found guilty who then raises his or her mental illness as an issue before sentencing. Both classes of defendants are eligible for testing and alterna-

---

**2.** Utah Code Ann. § 77–16a–104 (Supp.1993) describes the procedure a trial court must follow after a trier of fact renders a verdict of guilty and

mentally ill. These procedures include a hearing prior to sentencing to determine the defendant's present mental state.

tive incarceration in mental facilities; the only difference is that the assessment process is automatically triggered for the GAMI defendant, whereas the ordinary "guilty" defendant will have to raise mental illness sua sponte and perhaps carry some additional burden in producing evidence.

*Id.*

In the instant case, defendant fits into the latter category of defendants described in *Young* who have been determined to be guilty but assert mental illness during the sentencing phase. The *Young* court implicitly approved the practice of asserting mental illness at the time of sentencing, after a finding of guilt, whether by verdict or plea. *Id.* Such a practice is also consistent with sections 77–16a–103 and –104 which require a determination of defendant's *current* mental health for sentencing purposes. As a result, defendant's motion at the sentencing hearing for the trial court to find him mentally ill was appropriate.

### Sufficiency of Evidence

█ Defendant's key argument on appeal is that the trial court erred in failing to sentence him as a guilty and mentally ill offender. Defendant relies on *State v. DePlonty*, 749 P.2d 621 (Utah 1987), contending that *DePlonty* is factually similar to his case and mandates a finding that he is mentally ill.

In *DePlonty*, the defendant was convicted of aggravated sexual assault and aggravated kidnapping. On appeal, DePlonty asserted that the trial judge should have found him guilty and mentally ill based on the evidence adduced in support of his defense of diminished capacity. Based on the undisputed evidence of DePlonty's mental illness, the supreme court found the trial judge's refusal to find DePlonty mentally ill clearly erroneous.

Arguing by analogy, defendant contends that *DePlonty* requires the court to find him

mentally ill. On the contrary, however, we believe that *DePlonty* differs in two important respects. First, unlike *DePlonty*, the evidence of whether defendant was mentally ill is controverted. Of the four mental health examiners who evaluated defendant, each demonstrates some diversity of opinion regarding defendant's mental health. Dr. Rindflesh, the only psychiatrist who examined defendant, found him not mentally ill as statutorily defined in Utah Code Ann. § 76–2–305(4) (Supp.1993), while two psychologists, Drs. Gummow and Gregory, concluded that he was. Dr. Roby, based on a pretrial examination, diagnosed defendant as a pedophile with an antisocial personality disorder. At least one of the examiners, Dr. Gregory, attributed these contradictions to defendant's possible deceptiveness in answering the test questions. In contrast, the evidence supporting DePlonty's contention of mental illness was uncontroverted. Both of the court appointed alienists found DePlonty to be mentally ill.

Second, in *DePlonty*, the supreme court found that the trial judge had refused to find DePlonty mentally ill in spite of the uncontroverted evidence, "based on the mistaken assumption that even if the defendant was mentally ill, it was the prerogative of the Board of Corrections to order appropriate mental health treatment once the defendant was in the state prison." *Id.* at 627. Unlike *DePlonty*, there is no evidence in this case that the trial judge refused to find defendant mentally ill because of a similar mistaken assumption. Indeed, the record reflects that the trial judge considered portions of the reports of the mental health experts as mitigating circumstances regarding defendant's difficulties during his childhood. The trial court, however, agreed with the State that there was not sufficient evidence to establish that defendant was mentally ill as defined by statute.[3] Therefore, *DePlonty* does not persuade us to adopt defendant's position.

---

**3.** The statute states: " 'Mental illness' means a mental disease or defect that substantially impairs a person's mental, emotional, or behavioral functioning. A mental defect may be a congenital condition, the result of injury, or a residual effect of a physical or mental disease.... Mental illness does not mean a personality or character disorder or abnormality manifested only by repeated criminal conduct." Utah Code Ann. § 76–2–305(4) (Supp.1993).

Defendant also argues, as a corollary to his application of the *DePlonty* case, that the evidence adduced in his case clearly shows that he is mentally ill. Utah Code Ann. § 77–16a–104(3) (Supp.1993) sets forth a "clear and convincing" burden of proof by which to determine if the evidence supports a finding of mental illness for sentencing purposes. Defendant contends that Drs. Roby, Gummow, and Gregory's reports provided the "clear and convincing" evidence as required by section 77–16a–104(3) and that the trial court should have found defendant mentally ill and sentenced him accordingly. It is our view that the trial court, sitting as a finder of fact, properly exercised its discretion and found that the evidence adduced in defendant's case did not meet the statutorily prescribed "clear and convincing" standard.

## CONCLUSION

We find no error by the trial court in considering the motion to find defendant mentally ill at the sentencing hearing, after entry of defendant's guilty plea. In addition, we hold that the trial court's decision denying defendant's motion does not constitute clear error. We therefore affirm the trial court's decision.

BILLINGS and DAVIS, JJ., concur.